# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL BERMUDEZ**, | : | **CIVIL ACTION NO. 1:14-CV-0131** |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **J.E. THOMAS**, | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner, Samuel Bermudez ("Bermudez"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania.  He contends that his due process rights were violated in the context of a disciplinary hearing.  The petition is ripe for disposition and, for the reasons that follow, will be denied.

### **I.     Background**

In Incident Report Number 2360623, dated August 29, 2012, Bermudez was charged with Serious Assault, Possession of a Weapon, and Conduct Which Disrupts Most Like Destroying/Disposing of Evidence in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Sections 101, 104, and "199 most like 115." (Doc. 10-1, at 26). The incident is described by the reporting officer as follows:

> On October 8, 2012, at approximately 10:00 a.m., an SIS investigation was completed. The investigation determined that on August 29, 2012, at approximately 6:39 p.m., inmate Samuel Bermudez, #91459-038, assaulted inmate [ ][1] with a sharpened weapon on the side walk in front of Unit F-2. Inmate Bermudez then disposed of the weapon by throwing [it] on the roof above the green corridor to prevent staff from discovering it. This conclusion is based on inmate Bermudez's admission that he stabbed inmate [ ], video recordings which show inmate Bermudez stabbed inmate [ ] and then threw the weapon on the roof of the green corridor, medical assessments which show inmate [ ] sustained a large laceration to his left arm consistent with being stabbed with a sharpened weapon, and statements from Officer Orner who recovered the 7 inch sharpened metal weapon that Inmate Bermudez threw from the roof of the green corridor.

(Id.)

Bermudez was notified of the incident report on October 8, 2012. (Id. at 27). The following day, he was informed that the matter would proceed to a disciplinary hearing. (Id. at 30). He was advised of the rights associated with the process and indicated that he did not wish to have a staff member represent him or to call any witnesses at the hearing. (Id. at 28-30). The hearing commenced on October 11, 2012. (Doc. 10-1, at 31). He chose not to make a statement. (Id.) Based on the evidence presented, which included the incident report, an Inmate Investigative Report generated by the BOP, several investigative memorandums, "clinical encounter" reports, and seven photographs, the disciplinary hearing officer found

---

[1] The victim's name is redacted from the exhibit provided to the court.

that Bermudez committed the acts as charged and sanctioned him with a total loss of 162 days of good conduct time as well as other penalties.  (Id. at 32-34).

Bermudez did not immediately appeal the disciplinary hearing officer's decision.  Rather, he waited until September 9, 2013, at which time he submitted duplicate appeals to the Northeast Regional Office.  (Doc. 10-1, Declaration of Michael S. Roman, BOP Attorney Advisor ("Roman Decl."), ¶¶ 9-10).  Both were rejected on October 17, 2013; the appeal assigned Remedy Number 749223-R1 was voided and the appeal designated Remedy Number 749223-R2 was rejected as untimely.  (Id.)  He filed an appeal with the Central Office on October 17, 2013.  (Id. at ¶ 11).  It, too, was rejected as untimely.  (Id.)  Bermudez made no further attempts to appeal.  (Id. at ¶ 12).

The instant petition was filed on January 24, 2014.  (Doc. 1).

## II.     Discussion

Respondent argues that the petition should be denied based on Bermudez's failure to comply with the BOP's administrative review process.  (Doc. 10, at 2-3).  Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241.  Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons:  (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and

(3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, *e.g.*, Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, No. 00-2958, 2000 WL 1022959, at *2 (E.D.Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP's administrative review remedy program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 10-1, Roman Decl. at ¶ 6 citing 28 C.F.R. §§ 542.10–542.18). With respect to disciplinary hearing decision appeals, a BOP inmate can initiate the first step of the administrative review process by filing a direct written appeal to the BOP's Regional Director (thus bypassing the institutional level of review) within twenty (20) days after receiving the DHO's written report. (Id. at ¶¶ 6-7, citing 28 C.F.R. § 542.15(a), 542.14(d)(4)). If dissatisfied with the Regional Director's response, a Central Office Appeal may than be filed with the BOP's Office of General Counsel.

(Id.)  This is the inmate's final available administrative appeal.  In the event that a request for review is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection.  (Id. at ¶ 8).

In the matter *sub judice*, Bermudez waited approximately eleven months to appeal the decision of the disciplinary hearing officer, well beyond the allotted twenty days.  The appeal was patently untimely and, therefore, appropriately rejected.  Because he has not alleged facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

### III.   Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be denied.  An appropriate order will issue.

>  /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner, Chief Judge
> United States District Court
> Middle District of Pennsylvania

Dated:        August 11, 2014